UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

LEE HARRIS,

    Plaintiff,

v.

GREYHOUND, TWIN CITY'S POLICE
AND SHERIFF AN COURT HOUSE,
CATHOLIC CHARITY'S EMPLOYEE'S,
MINNEAPOLIS HOUSING AUTHORITY
EMPLOYEES, and DOROTHY DAY
EMPLOYEES,

    Defendants.

Civil No. 10-32 (JNE/FLN)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's pro se application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

In this case, the substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "I arrived here at Hennepin County Jail after being transported by officers, I was never arrested or charged or appeared before a judge for failure to register until the warrant officers transported me here, to the order alleged'ly [sic] of a sheriff worker an Hennepin County Court House.
>
> I would like to ask if I could have this happen being I was in another state an upon them finding out it was another state should'nt [sic] they have refused extradictment [sic] or sustaining a warrant after I even filled out paper work an it was evidence half way filled out. An the sheriff allowed me to leave the office sayin [sic] I was leaving as soon as I got time.
>
> I would like to know after the arrest warrant is signed is it finalized or do it have to be signed to be finalized for arrest.
>
> I would like to know could a judge sign a warrant for a person arrest who never been brought before Hennepin Count Court or charged with the crime thats [sic] stated in the Sheriffs complaint before his complaint is submitted an signed when no arrest numbers or file numbers under failure to register before that judge or clerk of court until the Sheriff complain an let me leave the office.
>
> I would like to know could a warrant be allowed for failure to register after the defendant is gone from the state.
>
> I would like to know the crimes committed of U.S. courts an officers covering up an relieving each others harrassment [sic] cruel an unusual punishments, an aideing [sic] an abetting dangerous acts an an use courts an officers power to corrupt several community's [sic] an states of the United States which carried on to Minnesota, because I would'nt [sic] refuse to register while here."

(Complaint, [Docket No. 1], p. 4, ¶ 7.)

Plaintiff describes the relief he is seeking in this case as follows:

> "I like the court to arrest an give trial to all Defendants listed an Im [sic] seekin [sic] 7 months of agreed court settlment [sic] for harrassment [sic], cruel and unusual punishment, deprived housing an employment, thefts, excessive force, illegal representation, an food and drink related sex offenses Im [sic] sueing [sic] for a building an a merchant license."

(Id. "Request for Relief.")

While a pro se pleading is to be liberally construed, it still must allege some historical facts, which, if proven true, would entitle the plaintiff to some legal remedy against the named defendants under some colorable legal theory. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").

Plaintiff's current complaint is fatally defective, because it does not contain any comprehensible factual allegations describing any specific acts or omissions by any of the named Defendants. In fact, most of the Defendants listed in the caption of the complaint are not even mentioned in any of the substantive allegations of the complaint.

It is clear that Plaintiff's complaint does not allege a set of specific historical facts, which, if proven true, would entitle him to any judgment, against any named Defendant, under any cognizable legal theory. Thus, the Court finds that, even with the benefit of liberal construction, Plaintiff's complaint fails to state a cause of action on which relief can be granted. Because Plaintiff has failed to plead any actionable claim for relief, the Court will recommend that his IFP application be denied, and that this action be summarily dismissed pursuant to § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: January  26, 2010

    s/ *Franklin L. Noel*
    FRANKLIN L. NOEL
    United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 9, 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.